Sonja Indreland McLAUGHLIN, a married woman suing as an individual, Plaintiff—Appellant,

v.

Al RENDON, as an individual and as a member of the marital community composed of himself and Jane Doe Rendon; et al., Defendants—Appellees.

No. 01–36027.

D.C. No. CV–00–00050–EFS.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 9, 2002.*

Decided Sept. 17, 2002.

cation and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before HUG, O'SCANNLAIN, and TASHIMA, Circuit Judges.

MEMORANDUM **

Sonja Indreland McLaughlin appeals pro se the district court's grant of summary judgment on her 42 U.S.C. § 1983 claims that a state court judge and his court administrator violated her constitutional rights, and her pendant state-law negligence claim. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Botosan v. Paul McNally Realty*, 216 F.3d 827, 830 (9th Cir.2000), and we affirm.

The district court properly granted summary judgment for Superior Court Judge Borst on the ground of absolute judicial immunity because presiding over McLaughlin's trial was clearly a judicial act. *See Rosenthal v. Justices of the Supreme Court of California*, 910 F.2d 561, 565–66 (9th Cir.1990). County Superior Court Administrator Rendon is entitled to quasi-judicial immunity because the act of setting McLaughlin's trial dates was an integral part of the judicial process. *Cf. Curry v. Castillo (In re Castillo)*, 297 F.3d 940, 951–53 (9th Cir.2002) (holding that the scheduling and noticing of hearings by a bankruptcy trustee is a discretionary function protected by absolute immunity).

We affirm summary judgment on McLaughlin's negligence claim against Ok-

anogan County for the reasons set forth in the district court's October 4, 2001 order.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

